UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

J.M., as Administrator of the Estate of Her Son, C.B.,

                                    *Plaintiff*,

-against-

ASHLEY SESSIONS; ELISE WILLIAMS; JOSHUA A. BUELL, COREY C. BEHLAN; RAYMOND J. McGINN; KATHERINA L. CASSATA; MICHAEL NOVACK,

                                    *Defendants*.

20-CV-00091

(TJM)(CFH)

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

 

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants Elise Williams, Joshua A. Buell, Corey C. Behlan, Raymond J. McGinn, Katherine L. Cassata, and Michael Novack*
The Capitol
Albany, New York 12224-0341

Ryan W. Hickey
Assistant Attorney General, of Counsel
Bar Roll No. 519020
Telephone: (518) 776-2616
Fax: (518) 915-7738 (Not for service of papers)
Ryan.Hickey@ag.ny.gov

Date: May 6, 2022

**Table of Contents**

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ...................................................................................................................... 1

    POINT I ........................................................................................................................ 1

        PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT
        SHOULD BE DENIED BECAUSE IT IS FUTILE ............................................... 1

    POINT II ....................................................................................................................... 4

        PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT
        SHOULD BE DENIED BECAUSE OF UNDUE DELAY, AND BECAUSE IT
        IS UNDULY PREJUDICIAL TO THE STATE DEFENDANTS ......................... 4

CONCLUSION .................................................................................................................... 8

**PRELIMINARY STATEMENT**

Defendants Elise Williams, Joshua A. Buell, Corey C. Behlan, Raymond J. McGinn, Katherine L. Cassata, and Michael Novack (hereinafter collectively "the State Defendants") submit this memorandum of law in opposition to plaintiff's motion for leave to amend the complaint. [Dkt. No. 25]. As set forth below, plaintiff's motion should be denied as futile because the claims are barred by the statute of limitations, and therefore could not withstand a motion to dismiss. Further, plaintiff's delay in adding Baral as a party is unduly prejudicial to the State Defendants.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED BECAUSE IT IS FUTILE**

"A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *See Oneida Indian Nation of New York v. City of Sherrill*, 337 F.3d 139, 168 (2d Cir. 2003). Therefore, where the defect in the complaint is substantive, and "better pleading will not cure it," leave to re-plead should be denied. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). A proposed amended complaint seeking to assert claims barred by the statute of limitations is futile and must be denied. *Malesko v. Correctional Servs. Corp.*, 229 F.3d 374, 382-84 (2d Cir. 2000), *rev'd on other grounds*, 534 U.S. 61 (2001).

In Section 1983 actions, the applicable statute of limitations is the "general or residual statute [of limitations] for personal injury actions" under the law of the state in which the federal court sits. *See Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). Under New York law, the statute of limitations for personal injury actions is three years. *See* N.Y. C.P.L.R. § 214(5). Accordingly, the "applicable statute of limitations for

Section 1983 claims arising in New York requires claims to be brought within three years." *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995).

Furthermore, "[w]hile state law supplies the statute of limitations for claims under §1983, federal law determines when a federal claim accrues. [Under federal law,] [t]he claim accrues when the plaintiff knows or has reason to know of the harm." *See Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (citation omitted); *see also Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) ("Federal law, however, governs the determination of when the statute of limitations begins to run."); *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) ("[T]he claim accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm."); *Pendleton v. Goord*, 849 F. Supp. 2d 324, 329 (E.D.N.Y. 2012) ("The limitations period begins to run, or accrue, when the plaintiff knows or has reason to know of the harm.").

The proposed second amended complaint alleges that on or about April 4, 2018 to April 6, 2018, Baral failed to properly address reports that C.B. was having medical issues leading up to his death on April 9, 2018. ECF No. 93-3 at ¶¶ 59 – 79. Plaintiff's proposed Section 1983 claim against Baral accrued, at the very latest, three years later, in April 2021 and therefore is untimely by more than a year.

Plaintiff may not invoke the so-called "relation back" doctrine to bring these untimely claims. A motion to amend which seeks to assert an otherwise time-barred claim may be granted where the proposed amendment "relates back" to the date the plaintiff filed the original complaint. Fed. R. Civ. P. 15(c)(1). However, an amended complaint that names additional defendants will "relate back" to the date of the original complaint only if: (1) the new claim arises "out of the conduct, transaction, or occurrence set out . . . in the original pleading"; (2) within the time for

serving the original pleading under Rule 4(m), the new parties "received such notice of the action that [they] will not be prejudiced in defending on the merits"; and (3) within the time for serving the original pleading under Rule 4(m), the new parties "knew or should have known that the action would have been brought against [them], but for a mistake concerning the proper part[ies'] identit[ies]." Fed. R. Civ. P. 15(c)(1)(C); *see also VKK Corp. v. National Football League*, 244 F.3d 114, 128 (2d Cir. 2001); *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996).

"Courts in this Circuit have held relation back is only permitted where plaintiff named the wrong party in the original complaint, and not where plaintiff named one but not all of the right defendants." *Pikos v. Liberty Maint., Inc.*, 2015 U.S. Dist. LEXIS 151123, at *9 (E.D.N.Y. Nov. 6, 2015) (proposed claims did not relate back where plaintiff "attempt[ed] to add . . . additional parties while maintaining" the original defendant); *see also Hogan v. Fischer*, 738 F.3d 509, 517-18 (2d Cir. 2013) ("This Circuit has interpreted [Rule 15(c)] to preclude relation back for amended complaints that add new defendants, where the newly added defendants were not named originally because plaintiff did not know their identities."); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) (lack of knowledge of a John Doe defendant's name does not constitute a "mistake of identity" under Rule 15(c)); *Hahn v. Office & Prof'l Emps. Int'l Union*, 107 F. Supp. 3d 379, 384-86 (S.D.N.Y. 2015) (finding no mistake where "[t]he plaintiff has sued [what he believes is] the right defendant, and simply neglected to sue another defendant who might also be liable" (alteration in original) (internal quotations marks omitted)). Rule 15(c) "does not apply to the addition of a new party defendant after the limitations period has run," because "[s]uch an amendment is tantamount to the assertion of a new cause of action, and to permit relation back under these circumstances would be to subvert the policies of the statute of limitations." *Ingenito v. Bermec Corp.*, 441 F. Supp. 525, 553 (S.D.N.Y. 1977) (internal citations omitted).

Here, the addition of Baral as a defendant after the expiration of the limitations period is not permitted under Rule 15. The addition of Baral does not fall within the narrow circumstance contemplated by Rule 15 in which there has been a mistake of identity. Plaintiff is seeking to maintain the existing defendants and add Baral as a party. This is plainly a scenario in which plaintiff believes she has named "one but not all of the right defendants." *Pikos*, 2015 U.S. Dist. LEXIS 151123, at *9. The relation back doctrine does not apply.

Plaintiff also does not satisfy the requirements for "relation back" under New York state law pursuant to Rule 15(c)(1)(A). *See* Fed. R. Civ. P. 15(c)(1)(A). Under New York state law, a claim against a new party in an amended pleading relates back to the date of the original pleading where: (1) the new claim arose out of the same "conduct, transaction or occurrence" as the original allegations; (2) "the new party is "united in interest" with the original defendant"; and (3) "the new party knew or should have known that," but for a "mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well." *See Buran v. Coupal*, 87 N.Y.2d 173, 178 (1995) (*quoting Brock v. Bua*, 443 N.Y.S.2d 407, 412 (2d Dep't 1981)). Just as under the federal standard, plaintiff does meet New York's requirements for "relation back" because the untimely claims against Baral were not the result of a mistake of identity, but rather are plaintiff's attempt to add a new defendant after the expiration of the limitations period.

## POINT II

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT SHOULD BE DENIED BECAUSE OF UNDUE DELAY, AND BECAUSE IT IS UNDULY PREJUDICIAL TO THE STATE DEFENDANTS**

The Court may deny leave to amend for "[r]easons [of] . . . undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *State Teachers Ret. Bd. v. Fluor Corp*, 654 F.2d 843, 856 (2d Cir. 1981) (citing *Foman v. Davis*, 371 U.S.

178, 182, (1962)). "Prejudice to the opposing party and undue delay are the 'touchstones' of a court's discretion to deny leave to file amended pleadings." *Green v. Schmelzle*, 210 F. Supp. 3d 454, 464 (W.D.N.Y. 2016), quoting *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998).

In instances where a considerable amount of time has passed between filing the complaint and the motion to amend, courts have placed the burden on the movant to show some valid reason for the delay. *See Kenney v. Clay*, 172 F. Supp. 3d 628, 643 (N.D.N.Y. 2016); *McGee v. Dunn*, 940 F. Supp. 2d 93, 108 (S.D.N.Y. 2013); *Phaneuf v. Tenneco, Inc.*, 938 F. Supp. 112, 115 (N.D.N.Y. 1996).

Further, in determining whether an amendment would be prejudicial, courts consider whether the assertion of a new claim would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Plaintiff seeks leave to file a Second Amended Complaint ("SAC") to add a new defendant, Anita Baral, and to add factual allegations relating to Baral. ECF No. 93-3. As of the filing of this memorandum, it has been over two years since this action was commenced. ECF No. 1 (Complaint filed January 27, 2020). The parties have engaged in extensive, and largely cooperative, written discovery, depositions, and a site inspection. The discovery schedule has been extended at several points, in response to joint requests by counsel, to accommodate the discovery needs of the action, including the scheduling of several non-party depositions. *See* ECF Nos. 60, 72, 75, 82. Under the current court-ordered pre-trial schedule, fact discovery was to be completed by February 28, 2022, and dispositive motions are to be filed in just over a month, on June 10, 2022. ECF No. 82

5

According to Plaintiff, the proposed amendments are appropriate because they are based upon recently learned new facts. ECF No. 93-7 at 5. Specifically, Plaintiff points to the testimony of Anita Baral and defendant Katherina Cassata at their respective depositions on February 8, 2022 as the source of newly learned facts which justify leave to amend. At their depositions, Cassata and Baral offered accounts of alleged medical complaints made by C.B, and Baral's response to those complaints. But Cassata and Baral's accounts concerning the response to C.B.'s medical complaints was not new information at the time of the February 8, 2022 depositions. On January 19, 2021, as part of their response to Plaintiff's request for production, defendants served plaintiff with records relating to OPWDD's internal investigation into C.B.'s death. *See* Declaration of Ryan W. Hickey ("Hickey Decl.") at ¶¶ 3-4. Among those records are summaries of the internal investigators interviews of Cassata and Baral. *Id.* at ¶ 4.

The summary of Cassata's interview states:

- That on April 4, 2018, C.B. complained to Cassata that "I don't feel good, I can't breathe.";
- That on April 4, 2019, Cassata called Baral to notify her of these complaints and that when Baral came to see C.B. she "patted [C.B.] on his back and told him to drink plenty of fluids and get some rest."

Hickey Decl. Exhibit B (DEF 008989).

The summary of Baral's interview states:

- That Baral "denies at any time she was notified by DDSCTA I Cassata or any other staff that [C.B.] was having difficulty breathing or needed medical treatment."
- That the last time Baral observed C.B. was on April 6, 2018 and that "he did not complain that he did not feel well or that he was having difficulty breathing" nor did

6

Baral "observe him to be having any medical concerns."

*Id.* (DEF 008990 – DEF 008991).

These are the exact same facts that Plaintiff states were newly learned at Cassata and Baral's February 2022 depositions and which she contends warrant leave to amend. But the information which Plaintiff characterizes as newly learned is not new at all -- it was disclosed to her in the January 19, 2021 production, nearly a year and a half ago. Even if Plaintiff solicited additional details about Cassata and Baral's accounts at their eventual depositions, that is not a basis for Plaintiff to delay in naming Baral as a party. It is never the case that a plaintiff knows every detail of the testimony of an opposing party at the time they name them as a defendant. If Plaintiff wished to name Baral as a defendant based on the purported discrepancies between her account and Cassata's account of the events of April 2018, she had more than enough information to do so as of January 2021.

The belated addition of Baral as a defendant is unduly prejudicial to the State Defendants, who have been actively defending this matter for over two years. Amending the compliant to add Baral will surely cause substantial delay in the resolution of this action for at least two reasons. First, although the proposed claims against Baral concern her conduct as an employee of OPWDD, it is not a foregone conclusion that she will be represented by the Office of the Attorney General ("OAG"). Given the nature of the proposed allegations against Baral, and the existing testimony of defendant Cassata, OAG will need to undertake a conflict review to determine whether it may represent both Cassata and Baral. Assuming, *arguendo*, that OAG determines it cannot represent Baral, she will need to retain conflict counsel. As the Court is aware from the prior conflict issue involving defendant Sessions, the retention of conflict counsel can be a time-consuming process.

Second, if Baral is added as a defendant it will likely require fact discovery to be re-opened

7

and thereby delay the progress of this case significantly. Plaintiff states that she has minimal discovery to request from Baral, and so not much more time will be needed. But that is only part of the equation. Beyond her non-party deposition, at which she was not represented by counsel, Baral has had no participation in this action, and certainly no opportunity to pursue discovery. At minimum, Baral's counsel will need to review the thousands of pages of paper discovery and deposition transcripts that have already been exchanged to get up to date on this action, and then could seek additional discovery from Plaintiff or from the other defendants. Given the scope of discovery in this case, that process could easily take several more months.

Given the futility of the proposed amendment and the unjustified delay in requesting that amendment, the Court should deny leave to amend.

## CONCLUSION

For all of the reasons discussed above, plaintiff's motion to amend should be denied.

Dated: Albany, New York
May 6, 2022

                            LETITIA JAMES
                            Attorney General of the State of New York
                            *Attorney for Defendants Elise Williams, Joshua A.*
                                  *Buell, Corey C. Behlan, Raymond J. McGinn,*
                                  *Katherine L. Cassata, and Michael Novack*
                            The Capitol
                            Albany, New York 12224-0341

                            By: *s/ Ryan W. Hickey*
                            Ryan W. Hickey
                            Assistant Attorney General, of Counsel
                            Bar Roll No. 519020
                            Telephone:  (518) 776-2616
                            Fax:  (518) 915-7738 (Not for service of papers)
                            Email: ryan.hickey@ag.ny.gov

To:     Counsel of record (*Via ECF*)