**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**J.M., as Administrator of the Estate of her Son, C.B.,**

                              **Plaintiff,**

        **vs.**                                          **1:20-CV-91**
                                                         **(TJM/CFH)**

**ASHLEY SESSIONS, et al.,**

                              **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


                              **ORDER**

        This case involves claims concerning the death of C.B., son of J.M., who sued the

Defendants in her capacity as Administrator of C.B.'s estate.  At the time of his death, C.B.

was a resident at the Valley Ridge Center for Intensive Treatment ("CIT"), a group home

for persons with developmental disabilities in Norwich, New York.  The State of New York

operates the facility, and the Defendants are persons employed at that facility at the time

of C.B.'s death.  C.B. died of heart issues.  Plaintiff contends that Defendants violated

Plaintiff's substantive due process rights through deliberate indifference to C.B.'s medical

condition, including his complaints of difficulty breathing.

        On March 30, 2022, Plaintiff filed a motion for leave to file an amended complaint.

See dkt. # 93.  Plaintiff sought leave to add allegations to her Complaint and claims

against Anita Baral, a nurse who treated C.B. at the relevant times.  Id.  Plaintiff claimed

1

that she had only recently discovered that Baral was aware that C.B. was suffering from symptoms of heart failure and other heart issues shortly before he died, and that Baral did not act.  Defendants opposed the motion.  They argued that the motion was untimely, that they would suffer prejudice, and that amendment to include Baral would in any case be futile because the statute of limitations had run.

On December 19, 2022, Magistrate Judge Christian F. Hummel denied Plaintiff's motion.  See dkt. # 102.  Noting that "'the weight of authority' in this Circuit and District holds that a motion to amend a complaint is nondispositive," Judge Hummel struck a reply brief that Plaintiff had filed because the local rules do not permit reply briefs to non-dispositive motions without leave of court.  Id. at 8-9 (quoting Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007)).  Judge Hummel then considered whether "good cause" existed to permit amendment.  He rejected Plaintiff's contention that she had good cause to wait until after discovery had closed to seek leave to amend to add Baral.  Judge Hummel concluded that Plaintiff had knowledge of Baral's potential for liability at an early point in the litigation, well over a year before she sought to amend.  Id. at 13-14.  An investigative report disclosed in January 2021 "put plaintiff on notice that [a coworker] alleged to have informed Baral that plaintiff['s decedent] was feeling unwell or appeared unwell," and that Baral and this coworker "had conflicting versions of events."  Id. at 14.  All of the information available at an early stage informed Plaintiff of potential liability, and "plaintiff's failure to act sooner amounts to a lack of diligence."  Id.  Given Plaintiff's knowledge, Judge Hummel concluded, she should not have waited another year to depose Baral or seek to add her as a defendant.  "As plaintiff did not seek leave to amend until March 20, 2022, over a year after defendants disclosed the investigative report and

2

two years after the expiration deadline for amended pleadings," Judge Hummel found,

"plaintiff has failed to meet Rule 16's good cause requirement." Id. at 15.  Though this

failure to act with diligence meant, Judge Hummel found, that he could decide the matter

without considering other factors, the Judge nonetheless found that Defendants would

suffer undue prejudice from an amendment.  Baral would likely seek to reopen discovery,

extending the time span of discovery in an unreasonable way.  Id. at 16.  Judge Hummel

therefore denied the motion to amend.

Plaintiff objected to this finding.  She filed an appeal of what Judge Hummel

characterized as a non-dispositive ruling from a Magistrate Judge.  Under those

circumstances, the Court ordinarily applies a particular standard.  A district court judge

reviewing a magistrate judge's non-dispositive pretrial order may not modify or set aside

any part of that order unless it is clearly erroneous or contrary to law.  Labarge v. Chase

Manhattan Bank, N.A., 1997 U.S. Dist. LEXIS 13803, 1997 WL 5853122, at *1 (N.D.N.Y.

Sept. 3, 1997) (citing 28 U.S.C. § 636(b)(1)); FED. R. CIV. P. 72(a); Mathias v. Jacobs, 167

F.Supp.2d 606, 621-23 (S.D.N.Y. 2001); Dubnoff v. Goldstein, 385 F.2d 717, 721 (2d Cir.

1967) (court's decision "not to disqualify himself is ordinarily reviewable only upon appeal

from a final decision on the cause in which the application . . . was filed.").  Findings are

clearly erroneous when the reviewing court is firmly convinced the lower court decided an

issue in error.  Lanzo v. City of New York, 1999 U.S. Dist. LEXIS 16569, 1999 WL

1007346, *2-3 (E.D.N.Y. Sept. 21, 1999).  This standard imposes a heavy burden on the

objecting party, and only permits reversal where the district court determines the

magistrate judge "abused his broad discretion over resolution of discovery matters."

Labarge, 1997 U.S. Dist. LEXIS 13803, 1997 WL 583122 at *1.

3

The parties disagree about whether the Court should apply this standard.  They agree that the Court of Appeals has not ruled definitely on whether denial of a motion for leave to amend a complaint is dispositive.  Plaintiff argues that the finding is dispositive and the Court should treat her "appeal" as an objection to a report-recommendation from a magistrate judge.  When objections to a magistrate judge's Report-Recommendation are lodged, the Court reviews the record de novo.  See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. Since her motion was dispositive, Plaintiff also claims that Judge Hummel erred by striking her reply brief.  Defendants contend that Judge Hummel's findings were not dispositve, since he did not conclude that raising such a claim was futile, but instead ruled that Plaintiff's lack of diligence in naming Baral in the Complaint precluded her from including that defendant now.  Under those circumstances, Defendants claim, the Court should use the standard for non-dispositive motions.

The Court will not resolve the issue of whether Judge Hummel's ruling was dispositive or non-dispositive because the Court finds that Judge Hummel's findings were correctly evaluated under either standard.  The Court finds that Plaintiff has not presented sufficient grounds for leave to amend her complaint at this late date in the litigation and adopts Judge Hummel's findings for the reasons stated in his detailed and reasoned memorandum.  The Court has considered Plaintiff's reply brief, dkt. #s 101-102, and finds that the brief would not have altered decision on this matter in any case.

4

As such:

The Plaintiff's objections to Judge Hummel's findings, docketed as an appeal of a non-dispositive decision, dkt. # 103, are hereby **OVERRULED**.  Judge Hummel's decision is **AFFIRMED**.

**IT IS SO ORDERED**

Dated: April 24, 2023

Thomas J. McAvoy
Senior, U.S. District Judge

5